ALICE GARLICK *vs.* HENRY BARTLETT.

A complaint under Gen. Sts. *c.* 72, relating to the maintenance of bastard children, **may** properly be made returnable before the police court of the town in which the child **was** born and the complainant lives, although the child was begotten in another town in **the** same county, in which a police court is established.

COMPLAINT under Gen. Sts. *c.* 72, relating to the maintenance of bastard children. The complaint, accusation and examination were taken before a justice of the peace in the town of Adams, on the 8th of March 1861, in which it was alleged that the child was begotten in Lee on or about the 15th of May 1860, and born in Adams on the 7th of February 1861, and that the complainant removed from Lee to Adams in September 1860, and has since lived in the latter place. The warrant was made returnable before the police court of Adams, in which the defendant was ordered to give bond for his appearance at the superior court. At the trial in the superior court, the defendant contended that the police court of Adams had no jurisdiction of the case, but that the warrant should have been made returnable to the police court of Lee; but *Ames,* J. ruled otherwise. A verdict of guilty was returned, and the defendant alleged exceptions.

*M. Wilcox,* (*H. W. Bishop* with him,) for the defendant.

*I. Sumner,* (*W. T. Filley* with him,) for the complainant.

DEWEY, J. This prosecution was commenced since the enactment of the Gen. Sts. *c.* 72, and must be governed by its provisions, modified as they may be by other provisions in those statutes. Such prosecution may be commenced by complaint to a justice of the peace or police court, returnable before such justice or court, or any other justice or court having jurisdiction thereof in the county. § 1. It is further provided that the proceedings in such cases shall be, except as are therein expressly provided, according to the course of proceedings in civil cases. § 13.

The only ground for raising the objection to the jurisdiction

exercised in the present case is that arising from the Gen. Sts. *c.* 116, in relation to police courts. The town of Lee, in which the child was alleged to have been begotten, as well as the town of Adams, where the child was born, and the mother resided at the time of filing her complaint, had a police court; and it is contended that, under the provisions of *c.* 116, §§ 12, 17, the police court of Lee had exclusive cognizance of this case, and that the police court of Adams had no jurisdiction therein. By § 12, the police courts have exclusive jurisdiction of all crimes and offences committed in their respective districts. If this is a case of prosecution for a crime or offence, in the sense used in the above section, the jurisdiction would vest exclusively in the police court of Lee. But it is very clear that a prosecution under the bastardy act is not a prosecution for a crime or offence in the sense of § 12. It has never been so held. The case of *Williams* v. *Campbell*, 3 Met. 209, indicates quite the contrary. The Gen. Sts. *c.* 72, § 13, above cited, have declared that the proceedings are to be in the civil courts. It is quite sufficient that they be brought to a hearing before a court within the county or judicial district in which the child was born and the complainant resides. It was however urged that *c.* 116, § 17, restricts the jurisdiction in bastardy cases to the same extent as in criminal prosecutions, and therefore the case was only cognizable by the police court of Lee. But we think that the provision of that section, though common for certain purposes to the cases of prosecution for crimes, and also prosecutions under the bastardy law, yet very clearly leads to no such result as is contended for. The purpose of § 17 was to exclude the jurisdiction of justices of the peace, beyond that of receiving complaints and issuing warrants, within the districts in which police courts were established. The hearing and examination upon the return of the warrants in such cases were to be before the police courts having jurisdiction of such cases. In the case of a prosecution for crime, the police court of the district where the crime was committed having the exclusive jurisdiction of such case, the proceedings must be returnable before that police court. But in proceedings in bastardy the requirement that, in cases

of complaints before a justice of the peace, they should be made returnable before the police court of the district, only requires them to be returnable for examination before the police court having jurisdiction of such case. The police court of Adams was such court. The case was cognizable in Adams; and a justice of the peace in Adams having issued the warrant, properly made the same returnable before the police court of that town. The error of the defendant is in considering this as made exclusively a proceeding in the nature of a criminal prosecution by virtue of § 17. That provision may have full effect by making each class of cases provided for returnable before the police court which, by other provisions of law, had jurisdiction of the matter to be heard.

The police court of Adams had such jurisdiction as to this case, and the warrant was properly returned before it for a hearing. *Exceptions overruled.*